**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 92-cr-20074

JEFF PINNELL AND
DAWN LYNETTE GILMAN,

        Defendants.
_____/

**OPINION AND ORDER DENYING REQUEST TO EXPUNGE RECORD**

Defendants Jeff Pinnell and Dawn Lynette Gilman (now known as Dawn Pinnell) were sentenced in 1993 after pleading guilty to Conspiracy to Distribute Cocaine and Marijuana, 21 U.S.C. § 846, and Forfeiture, 21 U.S.C. § 853. (ECF Nos. 29 & 30.) On April 8, 2022, the court received correspondence from the pair, requesting an expungement of their records on equitable grounds. (ECF No. 41.) The court resolved to treat the correspondence as a formal motion. Accordingly, on April 18, 2022, the court issued a Notice of Determination of Motion Without Oral Argument, ordering the United States of America to file a response by May 31, 2022. On May 12, 2022, the United States of America complied, arguing that the court should deny Defendants' request on jurisdictional grounds. (ECF No. 44.) For the reasons explained below, the court will deny Defendants' request.

Before reaching the merits of a motion, the court must ensure that it has jurisdiction to provide the relief a party requests. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd..*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have

a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"). While several federal statutes provide for expungement of certain types of records in limited circumstances, Defendants do not cite any of these provisions, and, as the United States points out, none are applicable to their expungement request. *See, e.g.*, 18 U.S.C. § 3607(c) (allowing expungement of conviction for possession under Controlled Substances Act when offender received probation under § 3607(a) and was under the age of twenty-one at the time of offense); 42 U.S.C. § 14132(d) (providing for expungement of DNA records from FBI index when person's qualifying conviction is overturned).

"Where there is no statutorily-grounded permission to expunge, however, federal courts may assert ancillary jurisdiction to expunge criminal records." *United States v. Fields*, 756 F.3d 911, 915 (6th Cir. 2014). The ambit of such jurisdiction is nonetheless limited to situations where the motion to expunge challenges the underlying conviction on constitutionality grounds. *Id.* Ancillary jurisdiction is not operative where the grounds for the expungement are rooted in "purely equitable considerations—e.g., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities," *id.* (citations omitted), because "such motions does not enable a court 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994)). Here, the expungement request relies solely on Defendants' lawfulness and general good behavior since their convictions. As such, the court lacks jurisdiction to grant the relief sought and Defendants' motion must be denied. Accordingly,

IT IS ORDERED that Defendants' request for an expungement of their records (ECF No. 41) is DENIED.

                                                s/Robert H. Cleland              /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  November 10, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 10, 2022, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\92-20074.PINNELL.ExpungementRequestDenial.EKL.docx